UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


SCOTT E. McGARRY           ]
     Plaintiff,            ]
                           ]
v.                         ]          No. 3:13-0593
                           ]          Judge Campbell
WILLIAMSON COUNTY JAIL, et al. ]
     Defendants.           ]


<u>M E M O R A N D U M</u>


The plaintiff, proceeding *pro se*, is an inmate at the Williamson County Jail in Franklin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Williamson County Jail and the Disciplinary Board at the Williamson County Jail, seeking injunctive relief and damages.

The plaintiff complains about conditions of his confinement. More specifically, he claims that he wrongly placed in punitive segregation for forty two (42) days when he questioned the adequacy of recreational opportunities provided for the inmates. In addition, he alleges that conditions are unconstitutional because there is no law library at the Jail and because inmates are now being charged for toilet paper.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color

of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. <u>Rhodes v.McDannel</u>, 945 F.2d 117, 120 (6th Cir. 1991); *see also* <u>Petty v. County of Franklin, Ohio</u>, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). Nor is the Disciplinary Board at a Jail considered to be a person subject to liability.

Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Williamson County, the entity responsible for the operation of the Jail. However, for Williamson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint.

Therefore, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


Todd Campbell
United States District Judge